IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. 1:16-cr-10013-JDB-1

JOSEPH DANIEL HUNTLEY,

    Defendant.

___

ORDER DENYING DEFENDANT'S MOTION FOR RELIEF UNDER THE FIRST STEP ACT OF 2018

___

On June 3, 2019, the Defendant, Joseph Daniel Huntley, filed a pro se motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (Docket Entry ("D.E.") 259.) Pursuant to an order of the Court, the Government responded on June 17, 2019. (D.E. 262.) The motion is now ripe for determination.

In a superseding indictment filed July 25, 2016, Huntley was charged with violations of 21 U.S.C. §§ 841(a)(1) and 846 with respect to actual methamphetamine and for being a felon in possession of a firearm in contravention of 18 U.S.C. § 922(g). (D.E. 38.) The charged offenses occurred in 2015 and 2016. Following a guilty plea, he was sentenced, on November 15, 2017, to a total of 260 months' incarceration, to be followed by five years of supervised release. (D.E. 218.) Defendant is currently confined in Bureau of Prisons custody at Federal Medical Center Rochester in Minnesota.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. §

3582(c)).  However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simmons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590).  While the law made certain previous statutory changes retroactive, its scope is a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense" on motion of the defendant.  § 404(b), 132 Stat. at 5222.  A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010."  § 404(a), 132 Stat. at 5222.  Sections 2 and 3 of the Fair Sentencing Act of 2010 dealt with certain crack cocaine offenses.  *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019), *appeal filed* (6th Cir. June 13, 2019) (No. 19-5635). Accordingly, "the First Step Act permits the retroactive reduction of certain drug trafficking sentences, but applies only to those convicted of crack cocaine offenses."  *Id.* at 809 (quoting *United States v. Jones*, No. 3:94-CR-00090, 2019 WL 1586814, at *1 (M.D. Tenn. Apr. 12, 2019)); *see United States v. Wiseman*, ___ F.3d ___, 2019 WL 3367615, at *3 (6th Cir. July 26, 2019) ("Section 404 of the Act makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010.").

The crimes for which Defendant was convicted involved actual methamphetamine and firearms violations rather than crack cocaine; accordingly, they are not "covered offenses" for FSA purposes. In addition, the offenses were not committed before August 3, 2010. As the FSA provides him no relief, the motion is DENIED.

IT IS SO ORDERED this 15th day of August 2019.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE